# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RUTH KOLAS, | Case No. 2:17-cv-01597-APG-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 35) |
| WAL-MART STORES, INC., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for an adverse inference instruction and to preclude certain testimony. Docket No. 35.

Federal courts have broad discretion in controlling their dockets. *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). Courts also have a "general duty to avoid deciding unnecessary issues." *Turner v. U.S. Parole Comm'n*, 810 F.2d 612, 613 n.3 (7th Cir. 1987). To that end, courts may sequence motion practice in an effort to avoid deciding unnecessary issues and will generally resolve motions regarding trial after it is clear that there will likely be a trial. *See, e.g.*, Local Rule 16-3(a) (setting deadline for filing motions in limine at 30 days before trial).

Plaintiff's pending motion is premised on her contention that the alleged spoliation of evidence "has prevented [her] from presenting [that] evidence at trial." Docket No. 35 at 14. As a remedy, Plaintiff seeks an order for an adverse inference jury instruction and an order precluding certain testimony. *See, e.g.*, *id.* at 11. Discovery remains open for another three months, however, and summary judgment motions are not due for four months. *See* Docket No. 34. Unless either the

dispositive motions deadlines lapses without a motion for summary judgment or any filed summary judgment motions are denied, it is not clear that there will be a trial in this case. Nor is it clear whether additional pertinent information may be derived through the discovery process. Hence, it is not clear that Plaintiff's motion seeking relief regarding trial should be decided at this time. *See, e.g.*, *Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498, 508 (W.D. Penn. 2011) (denying as premature spoliation motion seeking adverse inference because case was still in discovery phase, motions for summary judgment had not been filed, and a pretrial order had not been issued); *see also Ingram v. Pacific Gas & Elec. Co.*, 690 Fed. Appx. 527, 530 (9th Cir. 2017) ("Since adverse inference instructions are provided to juries at the conclusion of trial, the district court did not abuse its discretion by denying Ingram's request for an adverse inference at the summary judgment stage of these proceedings").

The parties shall file, no later than March 23, 2018, statements no longer than three pages in length explaining whether Plaintiff's motion should be denied without prejudice to being renewed concurrently with the filing of the parties' joint proposed pretrial order (*i.e.*, after the summary judgment stage of litigation).

IT IS SO ORDERED.

DATED: March 16, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge